Anthony JONES, By and Through his Conservator and Guardian as Litem, Louise JONES, Plaintiff,

v.

BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, MISSOURI, et al., Defendants.

No. 96–0612–CV–W–5.

United States District Court, W.D. Missouri, Western Division.

Oct. 14, 1997.

William H. Pickett, William H. Pickett, P.C., Kansas City, MO, for plaintiff.

Dale H. Close, Lisa Sander Morris, Kansas City Police Dept. Legal Advisor's Office, Albert A. Riederer, Kansas City, MO, for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANTS' MOTION TO QUASH

LAUGHREY, District Judge.

Pending before this Court is Plaintiff's Motion to Compel the Deposition of Dale Close, Defendants' Opposition and Plaintiff's Reply and Defendants' Motion to Quash the Deposition of Dale Close, Plaintiff's Opposition and Defendants' Reply.

Plaintiff alleges that he was injured on June 7, 1994, as a result of positional asphyxia caused by two officers' excessive use of force during or after taking Plaintiff into protective custody. Plaintiff's Second Amended Complaint alleges three counts against all Defendants, including Count I—excessive force, Count II—denial of medical attention and Count III—battery, and one count against the Board of Police Commissioners only, Count IV—failure to provide supervision and training.

Plaintiff seeks to compel the deposition of opposing counsel, Dale Close. Plaintiff asserts that although Mr. Close is representing the Defendants in this case, this Court should compel Mr. Close's deposition because he is a fact witness with respect to issues relevant to this lawsuit. Plaintiff argues that it is proper to depose Mr. Close regarding (1)

his personal knowledge of the dangers of positional asphyxia, (2) his involvement in a 1991 incident unrelated to the pending litigation, and (3) his alleged involvement in investigating the complaint which Plaintiff's mother filed with the Office of Citizen Complaints ("OCC") concerning the incident out of which this lawsuit arose. The Defendants seek to quash the subpoena duces tecum noticing Mr. Close's deposition.

While "the Federal Rules of Civil Procedure do not specifically prohibit the taking of opposing counsel's deposition ... [t]he practice of forcing trial counsel to testify as a witness, however, has long been discouraged." *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986) (*citing Hickman v. Taylor,* 329 U.S. 495, 513, 67 S.Ct. 385, 394–95, 91 L.Ed. 451 (1947)). Because deposing opposing counsel "disrupts the adversarial system and lowers the standards of the profession, ... adds to the already burdensome time and costs of litigation ... [and] detracts from the quality of client representation," such depositions should be compelled only in limited circumstances. *Shelton,* 805 F.2d at 1327. The Eighth Circuit has stated that taking opposing counsel's deposition "should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel (citation omitted); (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of this case." *Shelton,* 805 F.2d at 1327. Plaintiff has not met his burden to establish that taking opposing counsel Dale Close's deposition is warranted in this case.

Plaintiff seeks to discover information regarding Mr. Close's personal knowledge of the dangers of positional asphyxia apparently to establish that the Kansas City, Missouri, Police Department was aware of the dangers. Even if Plaintiff were to establish that Mr. Close's personal knowledge is in any way relevant to any of the causes of action asserted in his Second Amended Complaint, he could not establish that information regarding the Department's knowledge of the dangers of positional asphyxia is not available

through other means. In fact, it appears from Plaintiff's Suggestions in Support of his Motion to Compel that many sources of information regarding the Department's knowledge exist and that Plaintiff has conducted discovery on this issue. Plaintiff has provided no facts or information which would lead the Court to believe that deposing Mr. Close about his knowledge of the dangers of positional asphyxia would provide anything more than cumulative information.

Plaintiff also seeks to discover information regarding Mr. Close's knowledge of a 1991 incident where, according to the limited information presented to this Court, a man died in police custody from positional asphyxia. The officers involved in the incident giving rise to the pending litigation were not involved in the 1991 incident. The Court finds that Mr. Close's knowledge regarding the 1991 incident is irrelevant to this lawsuit. Further, based on Plaintiff's Suggestions in Support of his Motion to Compel, it is clear that Plaintiff has access to information regarding the 1991 incident from various other sources and, as such, obtaining Mr. Close's deposition testimony regarding the 1991 incident is not crucial to the preparation of Plaintiff's case. Even if Plaintiff is able to establish that the 1991 incident has some relevance to the pending litigation, he has presented no facts or information to suggest that deposing opposing counsel regarding this incident is warranted. Plaintiff may not depose opposing counsel regarding past incidents where the information sought is not relevant to the pending litigation and is not crucial to the preparation of this case.

Finally, Plaintiff seeks to depose Mr. Close with respect to the OCC's alleged cover-up of Ms. Jones' complaint concerning the June 7, 1994, incident in which her son was involved. Mr. Close filed an affidavit with this Court stating that he "was not involved in the complaint filed with the Office of Citizen Complaints (OCC) by Louise Jones, other than to forward to her a police record as requested by OCC Director Willie Walton." Mr. Close's affidavit further states that he "did not attempt to interfere or in any way interfere with the OCC process involving the complaint form filed by Louise Jones." The

Court also notes that Plaintiff has deposed OCC director Willie Walton. Defendants represented in their Opposition to Plaintiff's Motion to Compel that Mr. Walton testified Mr. Close was not involved in the OCC complaint except to forward a report to Ms. Jones at his request. Plaintiff does not dispute the nature of Mr. Walton's testimony. Based on the information before the Court, Plaintiff has failed to establish that compelling Mr. Close's deposition is warranted in this case.[1] It is hereby

ORDERED that Plaintiff's Motion to Compel (Doc. # 61) is DENIED. It is further

ORDERED that Defendant's Motion to Quash (Doc. # 66) is GRANTED.

---

1. The Court notes that attorney/client privilege and work product issues may be implicated by the testimony sought regarding Mr. Close's involvement with events giving rise to the pending litigation. Although the information currently before the Court is insufficient to make a determination regarding the extent to which the information sought is privileged, such a finding is unnecessary in light of the alternate sources of information available to Plaintiff and the information contained in Mr. Close's affidavit.